Good morning, ladies and gentlemen. Our first case of the morning is agenda number 20, case 117-376, Wayne Michael v. Precision Alliance Group, LLC. Are you ready to proceed, counsel? You may proceed. Good morning. May it please the court, counsel, my name is Julie Gottschall, appearing on behalf of Defendant Appellant Precision Alliance Group. We are here today because we seek reversal of the decision of the Fifth District Appellate Court and reinstatement of the trial court's judgment in favor of precision on plaintiff's claims of wrongful discharge in violation of public policy. Our position is that the appellate court decision violates the principles set forth in this court's 1998 decision in Clemens v. Mechanical Device Company, the principles for attributing the burden of proof and analyzing causation in a retaliatory discharge claim, and that permitting the appellate court decision to stand would represent a significant and unwarranted departure from existing authority and greatly expand what is supposed to be a limited and narrow cause of action and exception to the doctrine of employment at will. Let me briefly review the case for you. This lawsuit began 11 years ago when Precision, which is a seed packaging company, was sued by three former employees. The employees claimed that they were fired because they had secretly collected information regarding underweight seed bags that were in the warehouse, and given that information to a former co-worker who used that information to report the company to the Illinois Bureau of Weights and Measures. This was done in an admitted effort for the former co-worker to, quote-unquote, play hardball with the company because it had successfully contested his claim for unemployment after firing him for misconduct. Now, Precision mounted numerous defenses to this claim over the years, both legal and factual. The company filed a motion for summary judgment attacking the notion that the case sufficiently impacted public policy. That motion for summary judgment was granted by the trial court, overruled by the appellate court. The company then made the decision to proceed on its factual defenses. The case went to a bench trial, and the company presented substantial evidence that it did not know that these plaintiffs were involved in that former co-worker's call to the Bureau. So it did not know that they had engaged in any allegedly protected activity. The company further presented substantial evidence that it had legitimate reasons for terminating these individuals. In the case of Plaintiff Homan, it was for violation of company policy by engaging in horse play with a forklift. There was evidence presented at the trial that eyewitnesses saw him go riding a forklift, go up behind a co-worker on a forklift, deliberately lift that forklift off the ground, upsetting the co-worker enough that he was, quote-unquote, dang near crying. That, of course, violated company policy, led to his termination. In the case of Plaintiffs Michael and Klemke, the reason for termination was a reduction in force. And here again, there was substantial evidence presented at trial that the company had been experiencing an ongoing slowdown in business, and that the corporate office had ordered the elimination of 22 positions across eight operating companies, including Precision. Precision was instructed to let four people go. It selected those four people based on job performance, and the plaintiffs here were two of the four. Ms. Gottschalk, did you raise the argument below that an employer could actually have a legitimate reason for a discharge but still be liable for a talentory discharge?  We did not raise that argument. Our position has always been and continues to be that if the employer had a legitimate reason, that there cannot be a successful claim for retaliatory discharge. Was it raised in the below? Oh, yes, that was always raised. Clemens was cited repeatedly to the trial court, to the appellate court. That has always been our position. The trial court issued a written decision entering judgment in Precision's favor. The bottom line for the trial court was that it believed the company's legitimate non-retaliatory reasons for termination, and for that reason, it entered judgment in Precision's favor. Now, what one would expect at that point in the case is that the case would end. The defendant had submitted substantial evidence. The trial court accepted that evidence, that there was a legitimate reason. But instead, the plaintiffs appealed. Now, they did not challenge the trial court's finding of a legitimate reason as being against the manifest weight of the evidence. Rather, they challenged the reasoning utilized by the trial court. What they said was that the trial court used a shifting burdens analysis to evaluating the evidence. So rather than going straight to the ultimate issue in a retaliatory discharge claim, which is did the plaintiffs prove their terminations were motivated by retaliation and not a valid business reason, the trial court shifted the burden back and forth. First, the trial court looked to see if plaintiffs had made a prima facie case. Did they show that they engaged in protective activity, they were discharged, and there was some evidence to suggest a causal nexus between the two? Satisfied on that point, the trial court then turned to Precision to see if it had met its burden of production. Did Precision articulate a legitimate non-retaliatory reason? Of course, Precision met that burden. So then the trial court got to the ultimate issue. Did the plaintiffs prove their terminations were motivated by retaliation and not by a valid business reason? Now, I need to pause here to acknowledge that the trial court erred in applying a shifting burdens approach. This court's decision in Clemens is clear that shifting burdens does not apply in a wrongful discharge court claim, or tort claim, rather. But that was harmless error because that imposed a burden on Precision that Precision should not have had, a burden of production that it should not have had, and the court ultimately got to the right issue. What was the reason? Was it a retaliatory motive or a legitimate business reason? So your position, counsel, then, is that the trial court actually, excuse me, lowered the plaintiff's burden and made the case more difficult for the defendant? That's exactly right. And even under that lesser burden for the plaintiff that the trial court found in favor of the defendant? That's exactly right. Therefore, harmless error, and that's why the trial court's decision should be reinstated. Now, on appeal, plaintiffs argued exactly the opposite. They argued that the shifting burdens imposed a double burden on them by requiring some proof of a causal nexus and some proof of pretext, and the appellate court agreed with that. Now, in a decision that entirely ignored this court's pronouncement in Clemens, the appellate court held that the company should have had the burden to prove its defense, rather than putting on plaintiff the burden to show pretext and prove a retaliatory motive. The appellate court then didn't even go on to decide if precision had met that burden. Rather, the appellate court entirely cast aside the trial court's finding of a legitimate reason. It was as though that wasn't even in the record. The court found that the prima facie finding of a causal nexus was tantamount to a dispositive finding of causation and, therefore, reversed the trial court and entered judgment for the plaintiff. We submit that the appellate court was wrong in imposing a burden of proof on the company and in finding causation. Let me start with the burden of proof issue, because that figured prominently in our petition for leave to amend and in our opening brief. What we argued there is that the appellate court holding placing any burden of proof on the company was an error under Clemens. Clemens held that a traditional tort analysis applies in wrongful discharge cases. Under a traditional tort analysis, no burden shifts to the company, the defendant. Not a burden of production, as the trial court improperly placed on it, and certainly not a burden of proof, an even higher burden that the appellate court placed on it. Rather, it's plaintiffs that bear the burden to prove each element of their claim. Clemens explained the reason for this. What the Supreme Court there said there is putting any burden on the company would, in essence, expand the tort of retaliatory discharge by reducing plaintiffs' burden of proving the elements of the tort. And because the Supreme Court did not wish to make this narrow tort any easier for plaintiffs to bring, the Clemens court recognized the burden always remains on the plaintiff. Now, as I stand here before you, it seems as though plaintiffs have renounced their prior theory, which they advanced before the appellate court, that the burden of proof ever shifts to the defendant. The plaintiffs in their appellee brief acknowledge that the burden of proving causation always remains with the plaintiff, and they try to spin the appellate court's language on the burden of proof shifting to the companies being somehow taken out of context. Now, the amicus in this case, the National Employers Lawyers Association amicus for plaintiffs, is even more forthcoming. Neela admits that the appellate court erred, quote, to the extent its decision is understood to impose a duty on defendant employers to plead and prove an affirmative defense on causation. And Neela agrees that, quote, any effort to create shifting burdens of proof as regards causation in retaliatory discharge cases must be avoided. So, as we stand here, it appears that there is agreement between the plaintiffs and ourselves that the appellate court erred in putting a burden of proof on the company, and that would be grounds enough to reverse the appellate court decision. Is it your position, counsel, that there's no need for a new determination of liability? That's right. Or do we send it back? No, our position is that the trial court's decision should be reinstated, that there was a finding of fact on legitimate motive, and that is dispositive of this case. And so that does bring us to the issue of causation. The position of the appellate court, the plaintiffs, and the amicus all rest on the premise that the trial court's finding of a causal nexus at the prima facie stage is tantamount to a finding of causation. But that premise is incorrect. The trial court did not make a factual finding of causation. It did not use the word causation. It did not make any evidentiary findings that would support causation. And it did not enter judgment for the plaintiffs, as of course it would have if it had found causation and entered judgment for precision. Indeed, the factual findings that the trial court did make, which are binding on the appellate court, specifically preclude a finding of causation. The trial court's ultimate factual finding is that the company had valid non-protectional reasons for termination. Now again, the appellate court tries to cast that finding aside based on its poor reasoning on burden of proof. But that factual finding remains in the case. Under Clemens and under this court's preceding decision in Hartline v. Illinois Power Company, where as here the fact finder accepts the valid reason, then there cannot be causation and the plaintiffs cannot prevail. That language from Clemens reads as follows. If an employer chooses to come forward with a valid non-protectional reason for discharging the plaintiff and the trier of fact believes it, the causation element required to be proven is not met. Under this principle alone, the appellate court should be reversed and the trial court should be affirmed. Here the company advanced a valid reason. It submitted substantial evidence supporting that valid reason. The fact finder believed the valid reason. That finding has not been challenged as against the manifest weight of the evidence. It is entitled to deference. It shows that there is no causation so plaintiff's claim must fail. Now let me take a step beyond that because even if you put aside the trial court's ultimate finding that there was a valid reason for termination, it's clear that the causal nexus finding by the trial court was preliminary and cannot serve as the basis for an ultimate finding on causation. The trial court was explicit that that causal nexus finding was part of a prima facie case and by definition a prima facie case is a threshold showing. It is used to ensure that there is some evidence to suggest that these two events, the report giving the information to a co-worker and the termination, are not totally unrelated but it does not compel any outcome. Moreover, the evidence that the trial court considered in finding a causal nexus is not sufficient to establish a finding of causation under existing authority in this state. The trial court looked at two things. If you read the decision, the trial court in assessing causal nexus looked at timing and the trial court was satisfied that there was a sufficiently short period of time between giving the information to the co-worker and the discharges that could suggest that there was some connection between these two. That was one factor. We have cited multiple cases that would say timing alone is sufficient for causal nexus. It is not sufficient to establish liability. So that wasn't enough. The other thing that the company looked at was something really even more fundamental than causal nexus. You'll recall that the company argued, we didn't know. We didn't know who called the Bureau. We didn't know that these individuals played any role in giving information to a disgruntled former co-worker who in turn called the Bureau. So what the trial court looked at was it looked at the record to see if there was something in the record that would suggest perhaps the company did know. And the trial court found that there was something to suggest that maybe they knew. The trial court did not make a dispositive finding on that as far as we know. And in fact, had the trial court made such a dispositive finding, then precision would have appealed as having that finding being against the manifest weight of the evidence because the company didn't know. Obviously, there can't be a successful claim for retaliatory discharge if the employer did not know that the individuals engaged in any sort of protected activity. But what is most troubling about the trial court's decision is that it determined causal nexus before any consideration of the company's evidence. Under the position being advanced by the plaintiffs and the appellate court, the employer's defense is essentially irrelevant. If the plaintiff shows any relationship between the protected activity and the discharge, then under their theory, the plaintiff wins. It doesn't matter if the employer had a valid non-protectional reason. It doesn't matter if the trial court believes that. It is like deciding the issue of motivation without hearing from the party who had the motivation. Obviously, it is not the law under Clemens or any court decision interpreting this narrow tort that liability should be imposed before the employer's defense is even considered. It would be a tremendous expansion of this tort and rejection of precedent to find causation and impose liability based solely on that finding of causal nexus. So here, after considering all the evidence, the trial court believed Precision had valid non-protectional reasons for terminating the plaintiffs. That finding has not been challenged as against the manifest weight of the evidence. And in light of that finding, judgment must go to the company. It is the only result that gives appropriate deference to the fact finder role. It is the only result that respects the narrow, this is a narrow tort and the prior authority of this court. So with that, we respectfully request that this court reverse the appellate court and reinstate the judgment of the trial court in favor of Precision. Thank you. Thank you. May it please the court, my name is Fern Wolf and I represent Alan Holman, Craig Klumke, and Wayne Michael in this retaliatory discharge case, which is a common law tort. And like other common law torts that are analyzed using traditional tort analysis, the plaintiff, when the issue is causation, must prove proximate cause by a preponderance of the evidence. Or in this court's words in Clemens, that the discharge was, quote, causally related to the plaintiff's protected activity. After a three-day bench trial and post-trial briefing, the trial court used the wrong set of elements, and we appear all to agree on that, in deciding this case. This was error and it did change the outcome of the case. But among those elements that the trial court considered was a correct element, that the plaintiffs had to prove causation, not preliminarily, but by a preponderance of the evidence. And that is what the trial court said in the second paragraph of his opinion, is that plaintiffs had the burden of proving causal nexus by a preponderance of the evidence, and he made that finding. We had to prove, and the judge found, that we proved, that plaintiffs proved, that plaintiffs' involvement in reporting the underweight bags of soybeans to the state of Illinois was, there was a causal nexus between that involvement and their discharges. Causal nexus is causation. Black's Law Dictionary defines nexus as a causal intersection. These things relate to each other. What authority do you rely on that causal nexus equates to an element of causation in a traditional tort principle? It's really just logic and the normal definition of the word nexus. I mean, he was looking at causation when he made that portion of his decision. I can say that this court in Clemens used the term causally related, and I think these terms are just simply interchangeable. Causation is causation. We can cause a causal nexus in a legal opinion, but a jury, if this had been a jury, would have been instructed on what proximate cause means. And so I'm going to explain now what proximate cause means, and although the trial court didn't use the IPI because it was a bench trial, I would assume that IPI 15.01 is an accurate statement of what proximate cause means in the state of Illinois, which means that it is a cause that in the natural course of events produces the plaintiff's injury. It is not the sole or nearest cause, as defendant suggests, which is that if defendant just comes forward with some reason, that reason trumps everything. And it is sufficient that if it combines with another cause resulting in the injury, it is still proximate cause. The standard, as I said, is found in IPI 15.01, and plaintiffs cited that standard to the trial court. The defendant argued in its reply brief that we're making this argument that it made its debut in the Supreme Court, but that's not true. If we find, according to what you're arguing, that the causal nexus is sufficient, what good does the defense evidence of non-retaliatory reason play at all? If the defendant's non-retaliatory, well, first of all, a finding of causal nexus precludes, I mean, it precludes a finding that there was not proximate cause, because then there is the one cause, the illegitimate cause. And under traditional tort law principles, that is sufficient for the finder of fact to find in favor of the plaintiff. I mean, what the public policy of the State of Illinois is, is that when people are whistleblowers, they are not supposed to be fired. Because of their whistleblowing, the employer is not supposed to take that factor into account when making its decision under a proximate cause analysis. This is not a sole cause case. Is that an expansion of Clemens? I don't believe so. I think, and in fact, in the portion of Clemens that defense counsel read, well, first of all, Clemens was not a proximate cause case. And I don't think this Court would have used Clemens to change the traditional tort standard of proximate cause when that wasn't really the issue in the case. The issue in the case was whether there was a legitimate, whether the reason, the alternative theory proposed by the defendant was, had to be something lawful. And what Clemens says is if an employer chooses to come forward with a valid non-protextual basis for discharging employees, and the trier of fact believes it, with no real fleshing out of what it means, the causation element required to be proven has not been met. Isn't that what happened here? Well, what the trier of fact did not believe, well, a couple of things did not happen here. The trier of fact has to believe under proximate cause analysis that the employer's reason is the reason to the exclusion of the unlawful reason. Because under proximate cause, if there are two different reasons, and one of them is the retaliatory motive, the plaintiff should prevail. That's what proximate cause is. There could be more than one proximate cause. And the plaintiff should still prevail as long as the plaintiff proved that the unlawful motive was the proximate cause. What the trial court did here is that the trial court, by adding these extra elements to the case, and the way he does it is he says, okay, now that I have found causal nexus, I'm not allowed to consider that anymore. The sole issue in the case is pretext. Well, what the trial court does is says that causation has no relevance to the case anymore. The only relevant factor in the case is pretext. And I think he did that because of this misunderstanding of the law and thinking that the elements listed by the appeals court in May controlled his decision making in the case, that he could not make a finding for the plaintiffs, that he was precluded legally from making a finding for the plaintiffs based on causation. That causation disappears, even a factual finding of causation, which he made, disappears if a defendant says, well, we fired him because of X. Well, a defendant in an employment case where motive is the only issue is always going to have a reason. And even if the defendant doesn't testify to the reason, willingly the plaintiff is going to call the defendant and say, why did you fire this guy today? Back to Clemens' counsel. Isn't the causation we're talking about, didn't under Clemens, and this is really Chief Justice Garmon's question and just a different way of the burden remain on the plaintiffs to prove causation by demonstrating that defendant's proffered reasons were a pretext for the retaliation? Isn't that the only way it could work? The plaintiff, I'm sorry. I think your argument is it doesn't have to be the last cause or the only cause. Right. So it can be in combination with the fact that there was another reason. Yes, it can be in combination. But it seems to be that Clemens might be saying that the plaintiffs have to prove causation in this type of action by demonstrating that the defendant's proffered reasons, which they gave in this scenario, were a pretext for the retaliation. I don't think that the court in Clemens would have so unclearly abandoned the traditional tort standard of proximate cause when the court says at the end of the case that the traditional tort standard, which is proximate cause, applies. I think what the court is saying that if the jury or the trier of fact believes it, being that this legitimate non-retaliatory reason, whatever it is, a reduction in force, was the reason to the exclusion of the illegitimate reason, which is a retaliatory motive, which our court found, then the plaintiff loses. Well, I understand what you're saying about traditional causation elements. However, in a retaliatory discharge case, how would the defendant ever defeat a claim for retaliatory discharge if that was the standard? Give me an example of that. The defendant says, you know, this wasn't what we were thinking about. And the jury believes it. But here, our trial court found causal nexus. And that's what precludes the finding for the defendant in this case. My question goes further than that. My question is, now the trier of fact is looking at it, and you're making the argument, yeah, maybe there were other reasons, but there's this reason over here, too. How would a finder of fact ever be able to, if you didn't have to prove that this other cause was the reason for the discharge, how would the trier of fact ever sort that out? The trier of fact doesn't have to believe the plaintiff's evidence. The trier of fact doesn't have to believe that the employer cared one way or the other about the reporting. It could be an insignificant reporting. It could be that after the reporting, the employer changed all of its practices and gave the employee an award for reporting and encouraged other people to report. I mean, it just depends on what the circumstances are in the case. But in this case, the trier of fact did find the requisite causal nexus. And so in other cases, it's always possible, just like in a sex discrimination case, just because I'm a woman and I get fired, I don't win. It's not strict liability. I still have to prove causation. And our court found that we did prove causation, but he just didn't think that was enough. He thought the law prohibited him, not based on Clemens, but based on this not really McDonnell Douglas, but what the parties have started to call this, a McDonnell Douglas type of burden shifting. And it's not like McDonnell Douglas because in McDonnell Douglas, the plaintiff doesn't have to prove causation as part of the prima facie case. Yes? I wanted to ask you the same question I asked Ms. Gottschalk, and that is did you raise this argument below that the employer could have a legitimate reason for discharge but still be liable? Yes, at page 492 of the record. I was going to ask you where. Page what? 492 of the record. That's our post-trial brief. And we said the sole remaining issue is whether defendant fired plaintiff from retaliation for plaintiff's participation in reporting defendants to the state, i.e. causation. Using the traditional tort analysis in citing Clemens, plaintiff must establish proximate cause. And then I actually quoted 1501, IPI 1501 at that point. Ms. Wolfe, early in your remarks, you referred to the fact that the trial court said in the second paragraph of its order that the plaintiff must establish by preponderance of the evidence that a causal nexus existed. What the order actually says is the plaintiff must establish by preponderance of the evidence a prima facie case of retaliation. And then he goes on and talks about that being a rebuttable presumption and goes on further and says, although there's no direct evidence that defendants knew the plaintiffs were involved, they may have thought. So I have two questions. First of all, one, is there a difference between proof by preponderance of the evidence and proof that there is a prima facie case? Not in the way this court set it out. And this court set it out that the prima facie case, regardless of what the definition of prima facie is, that what the plaintiffs had to prove, the element the plaintiffs had to prove was causal nexus. And I was answering that, and so I've forgotten your second question, and I apologize. Did the trial court make a finding when it said may have thought? Yes. What the trial court was saying in the may have is the full sentence is, the import of the full sentence about may have thought that the employer knew, he's explaining why. In other words, he's explaining the inference that could be drawn. Right, there was no direct evidence. Nobody says, I know. But it's an inference that's drawn from the circumstances, which is how most cases are decided, based on inferences. Then finally, isn't the bottom line of the judge's order that he says, based upon all the evidence presented, the court finds that the defendant had valid non-protectual reasons. Isn't that the ultimate finding of the trial court? It is his finding that they had valid non-protectual reasons. Our position is that just having valid non-protectual reasons is not enough when the plaintiffs have already proved causation. That just having a reason for firing somebody, an employer will always have a reason for firing somebody. But the court does not abandon its finding of causation when it says, okay, they have valid non-protectual reasons. This court thought that having valid non-protectual reasons was enough. And it's not enough when the trial court has already found that there's causation. I'm just going to see if in answering your questions, I may have already addressed everything. And so I will look through my notes here. In making its finding of causation, the trial court did not just look at knowledge and did not just look at the other factor that it specifically identified in the case, which was timing. In fact, the court prefaced that finding of causation by saying, this isn't everything I'm looking at. He said specifically, although not the only factor that was considered by the court in making its findings. So the trial court was considering all of the evidence when he made his finding of causal nexus. He just erroneously believed that a finding of causation wasn't enough. And not only did he believe that a finding of causation wasn't enough, or causal nexus, to use his term, but he also believed that as long as defendant gave a reason, that he was no longer allowed to consider all of the evidence of causation. Because what you see in the rest of the opinion is that all he looks at is the pretext issue. And he specifically says the evidence he considered in the pretext issue. And he never again addresses the evidence of causal nexus. So he cast aside all of the evidence of causation because he thought erroneously, based on his really misinterpretation of May, but his reading of May, that that was what he was supposed to do, which is not what he was supposed to do, because that is not the traditional tort standard. I would like, if I have time, to address one more thing. This case did not become easier to prove because of what the trial court did. What's easier to prove, what's described in Clemens, is the McDonnell-Douglas prima facie case. But this is not, what the trial court did here, was not a McDonnell-Douglas prima facie case. Under McDonnell-Douglas v. Green, which is the well-settled case law for proving a case by indirect evidence, the plaintiff does not have to prove causation. So we can call it McDonnell-Douglas, which was what this court, I believe, was referring to in Clemens, and rejecting, but that's not what happened here. It was completely different than the McDonnell-Douglas test. If there are no other questions, thank you. Thank you. Thank you. It isn't simply Clemens that held that if a legitimate reason is put forth by the fact finder and the trier of fact believes that then causation is not established. It is an entire body of case law. It is Heartline, and it is many decisions of this appellate court that have held. It is either or. It cannot be both. And though I don't hear plaintiffs explicitly arguing for something of a mixed motive standard, that seems to be implicit in their decision that you can have causation, you can have a legitimate reason, you can still have liability. Under Clemens, that is not true. The fact that they could not prove that the employer's legitimate reason was a pretext for retaliation is dispositive of this case under Clemens. And, in fact, that was the standard that was cited by them throughout this litigation. You will see the Clemens standard, this either or standard, if this is proven then causation does not exist. You will see that in their brief in opposition to our motion for summary judgment. You will see that in their post-hearing brief. You will see that in both briefs that they advanced to the appellate court on the first appeal. And you will see that in the appellate court's decision on the motion for summary judgment, the first appeal. So that has always been the standard advanced throughout this litigation. The idea that there can be causation and still, and the prior fact can believe the employer's legitimate reason and still there can be a finding of liability, is nowhere to be found until this case advanced to this court. It's not out there in the body of case law on wrongful discharge. It is not in all of the pleadings and briefs that have been submitted in this case. And it's frankly just wrong. Clemens was very clear that if the prior fact believes the employer's legitimate reason, there is no liability. And as a matter of public policy, that is the correct outcome here because as this court has also often articulated, this tort is to be a narrow and limited exception to the doctrine of employment at will. To change that standard now would represent a radical change in the body of case law. It also frankly doesn't make sense because if the employer had a legitimate non-protectual reason, the plaintiffs would have been terminated anyway. What is the damage? Nothing happened that would not have otherwise happened to these individuals. Why should there be a cause of action for that? Beyond that, we get back to one of the fundamental issues here of whether or not the trial court found causation. And I've addressed that and I can hear from your questions that you have understood our arguments on that point. But the argument by the plaintiffs that somehow causal nexus is tantamount to causation simply does not line up with what the trial court wrote here, nor does it line up with all of the cases that have used causal nexus as part of a preliminary prima facie case. That is a standard that has been used simply as a threshold issue that permits the case either to advance past summary judgment to a trial or to the ultimate finding. What does the finder of fact believe was the reason for the termination, the motivation? What plaintiffs gave as an example, as a situation where the defendant's defense would matter in this case, pursuant to the question about what happens then to the employer's defense, where does it fit in, what she said was, if the defendant says this is not what we were thinking about and the trier of fact believes it, that's what happened here. We presented evidence. We weren't thinking about the report to the Bureau. We didn't even know you were involved in the report to the Bureau. What we were thinking about is your reckless horseplay with a forklift and the fact that we needed to cut some employees. That's what we were thinking about. That's what motivated us. That's what the trier of fact believed after hearing all of the evidence. That is the reason that judgment should stand in favor of my client. Are there any other questions? I don't believe so. Okay. Thank you very much. Case number 117376, Wayne Michael, et al. versus Precision Alliance Group, LLC, will be taken under advisement as agenda number 20. Ms. Gottschall and Ms. Wolfe, thank you for your arguments today. You're excused at this time.